## THE SUPREME COURT

### OF

# THE STATE OF LOUISIANA.

EASTERN DISTRICT, MARCH TERM, 1826.

4ns277
47 51

## ORY vs. *WINTER.*

APPEAL from the court of the third district.

PORTER, J., delivered the opinion of the court. This case was heard last June, and judgment pronounced at that term. Doubting the correctness of our former judgment, we granted a re-hearing, and the case has been argued again, and has received all the elucidation of which we believe it is susceptible.

The action was instituted on a promissory note made at Natchez, payable to one Lloyd Gilbert, and by him endorsed to the plaintiff and appellee.

A note made in another state is governed by the laws of that state, although endorsed to a citizen of this.

Under a plea of error, evidence may be given that an account which the maker had against the payee, was omitted in the settlement, on which the note was given.

If a tutor take a note in his own name for monies due the

East'n. District.
*March* 1826.

ORY
vs.
WINTER.

minor, a debt
due by the tutor,
in his own right,
may be offered
as a defence to
it.

It is shown by a statute of the state of Mississippi, that the maker of a note, in that state, may set up any equitable defence against a *bona fide* endorsee, which he could offer against the payee. *Laws of Mississippi,* 464.

The first question in the cause is, by what laws should this contract be governed? The plaintiff contends, that as the note was endorsed in this state, and to a citizen of it, that the rights of the parties must be ascertained by the laws of Louisiana.

We are clearly of opinion it should not. That the validity of a contract must be ascertained in relation to the laws of the country where it is made, is a rule as well known, and of as frequent application in this court as any other we act under. We see nothing in the circumstance of the rights of one of the parties being transferred to the citizen of another state, which can take the case out of the general principle. The argument which attempts to do so, takes for granted the note was negotiable, in our understanding of the term, though the very object of the statute was to take from it that character. This is not the case of a citizen of one state claiming rights in opposition to those set up by a third

party, under a contract made in pursuance to the laws of another country. It is a demand made under an agreement entered into in a foreign state, and consequently the party claiming rights under it must take it with all the limitations to which it was subject in the place where it was made, and that although he be one of our citizens.

But this is the least difficulty the case presents. The two principal points in the cause are, first, to the right of the defendant to offer the defence relied on, under the pleadings; second, to the insufficiency of the proof to make good that defence, supposing it admissible.

The defendant pleaded:

That the note sued on, was given in error, in settlement of accounts with the payee, Lloyd Gilbert, and should only have been given for the sum of $840.

Under this plea, depositions of sundry witnesses were offered in evidence, to show that an account which the defendant had against the payee was omitted in the settlement. The plaintiff objected to this proof being received, because the fact was not put at issue by the pleadings. The court below sustained the

East'n. District.
*March*, 1826.

ORY
*vs.*
WINTER.

ORY
*vs.*
WINTER

objection; and gave as a reason for doing so, that pleas should be so certain that the opposite party might be apprised of the nature of the defence set up, and of the proof that will be probably introduced.

One of the most valuable features of our jurisprudence, is the simplicity with which parties are permitted to bring their rights before the tribunals of justice. Those technicalities which, in other countries, embarrass and obstruct the progress of justice, are unknown to it. All it requires is, that each party should allege his grounds of attack or defence so specially, that the adversary shall not be taken unawares, by matters springing up on the trial of which he was not apprised by the pleadings; and that the judgment which may be rendered on the issue joined, will enable him, against whom it has been given, to protect himself by the plea of *res judicata*, should a subsequent demand be made for the same thing.

These are the only rational objects to be attained by pleading specially; and no matter what may be the nature of the suit, or the defence opposed to it, the rules just mentioned furnish the proper test by which the legality

of the party's allegations may be ascertained. A good deal of the argument addressed to us by the counsel of the appellee, went to show that the plea offered was nothing more or less than a plea in compensation, and should have all the certainty of time and circumstance which a defence of that nature requires. We do not think this plea, in substance, one of compensation; for a debt existing anterior to the time when a note was given on settlement of accounts, may be pleaded as a diminution of the original debt, as well as offered in compensation of the claim evidenced by the note. But under whatever name offered, it should have that certainty which will enable the party to whom it is opposed, to know what is opposed to him, and to protect him against another demand for the same cause.

That the pleadings in this action would afford the plaintiff complete protection, if sued again for the same thing, we have no doubt.

The defendant avers, the note was given in error, on a settlement of accounts; that it should have been for $840 instead of $2,843. This plea in substance admits, that, allowing the defendant credit for *all claims* which he

ORY
*vs.*
WINTER.

had against the plaintiff, previous to the execution of the instrument sued on, there would still be a balance due to the latter of $840. Should a subsequent suit be brought for any debt existing anterior to that date, this judgment could be successfully opposed to it; for as the defence includes *all* demands, there are of course *none* left for future litigation. The Spanish writers consider this mode of pleading, as that by which the party against whom judgment was given, would be most effectually secured against other actions for the same matters and things. And a law of the *Partidas* tells us, that if the plaintiff claim a thing generally, and fail in his proof, he can never after renew his suit for the same thing; for, by setting up *a general claim* he includes *all others* he may have to it. *Part.* 3, *tit.* 2, *ley* 25. *Curia Phillipica, p.* 1, *sec.* 11, *verbo libelo, no.* 7.

But the very circumstance of the answer being so general in its nature, as to enable the plea of *res judicata* to be easily supported, is the principal cause why the other object required in pleading has not been so well attained. It certainly would have been more formal, and we may add more correct, to have given the

particular grounds which had occasioned the error in the settlement. But as the only reason for requiring this exactness, (in the point of view in which we are now considering the rule) is to guard against surprise; if it appears from the circumstances attending the progress of the cause in the court below, that in point of fact the plaintiff was not surprised, but had ample information of the grounds on which the defendant claimed a deduction, we do not think the latter should entirely lose his claim, or he turned round to litigate it in another action. It would be permitting the plaintiff to use that as a sword which was given him as a shield. Now it is most conclusively shown, by the fact of taking depositions to support the defence long before the trial, at the taking of which, the plaintiff by his counsel attended, that he was fully apprised of the grounds on which the defendant relied. In the case of *Ralston* vs. *Barclay*, decided in this court, where the pleadings were more informal than those now under consideration, it was held, that as the record showed the counsel for defendant had perfect knowledge of the charge, they were called on to contest, the evidence would not be excluded, though

ORY
vs.
WINTER.

without circumstances which established this knowledge, the proof could not have been received.    By the rules of the Spanish jurisprudence, if the allegations in the pleadings were too general, either party had the right to require that the particular grounds on which his adversary relied should be set forth.   It is unnecessary for the decision of this cause, and consequently would be improper, for us to say, whether that rule be still in force here ; but its equity is most manifest ; for there may be as much injustice done by surprising a party at the moment of trial, with such an objection, as by permitting evidence to be received, of which the pleadings did not give sufficient notice.—6 *Martin*, 649. *Febero*, *p.* 2, *lib.* 3, *cap.* 1, *sec.* 2, *no.* 100.

It is next urged this proof should not have been received, because the debt was not one that could have been set off against the plaintiff's claim, and consequently there was no error in not including it in the settlement.

This depends on the understanding of the parties at the time the note was made.   If it was their intention this amount should be deducted, and it was not done, there was error.   The tutor novated the debt by taking a

negotiable note in his own name. He was acting within the powers conferred on him by law in doing so, and if the conditions on which he agreed to this novation, were omitted by mistake, the party suffering has the right to have the mistake corrected. Whether a novation thus made is binding on the minors, is a question which need not, or could not be settled here, but as it respects the tutor, there cannot be a doubt but that he is bound by it.—He is also bound by all the stipulations on which he agreed in the first instance to accept it. If he is not, then the defendant is not in any way responsible on the note. The whole agreement is binding, or the whole is void. *Pothier on Obligations*, 537. *Dig. liv.* 46, *tit.* 2; *liv.* 20, *no.* 1.

We see no error, therefore, in the former judgment of the court, except in pronouncing final judgment. As the evidence was excluded below, the cause should have been remanded to give the plaintiff the opportunity of offering proof to show the defence unfounded.

It is therefore ordered, adjudged, and decreed that the judgment of the district court

East'n. District.
*March* 1826.

ORY
*vs.*
WINTER.

be annulled, avoided, and reversed, and it is further ordered, adjudged and decreed, that this case be remanded for a new trial, the appellee paying the costs of this appeal.

*Cuvillier* for the plaintiff, *Porter and Workman* for the defendant.